IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M. RAPER                                                                                   PLAINTIFF

v.                      Civil No. 4:22-cv-04001

PROSECUTING ATTORNEY THOMAS DEEN,
10th Judicial District                                                       DEFENDANT

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff James M. Raper, pursuant to 42 U.S.C. § 1983. Raper proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

This case was initially filed in the Eastern District of Arkansas and was transferred here by Order entered on December 16, 2021 (ECF No. 3). At the time he filed his original Complaint Plaintiff was incarcerated in the Southwest Arkansas Community Correction Center in Texarkana, Arkansas. This Court directed Plaintiff to file an Amended Complaint. (ECF Nos. 9, 12). His Amended Complaint (ECF No. 13) is now before the Court.

Plaintiff states he is serving a sentence because of a judgment of conviction and "was put in prison based on a false document". (ECF No. 13, p. 3). He also indicates the date of his

conviction or probation or parole revocation was November 11, 2021.[1] *Id.* The only named Defendant, Thomas Deen, was the prosecuting attorney assigned to Plaintiff's criminal case. *Id.* Plaintiff describes his individual capacity claim against Deen as "False imprisonment, submitting false court document…May 1, 2021". Specifically, he alleges:

> Thomas Deen put me in prison based upon a plea bargain he says I signed on December 10th 2020. I never signed a plea deal on Dec 10th 2020 in Bradley County Court. I was no where near Bradley County on December 10.
>
> I was held and imprisoned based upon a document that does not exist. There are documents on ARCOURTS.gov singed by Thomas Deen stating I agreed to a December 10th plea deal. I never have or did sign any plea deal on December 10th. I spent 9 month in jail/prison away from my wife. I would like to get help for that. There is no document signed by me or my lawyer at the time. Specifically a made up document signed by Thomas Deen put me in prison. Not even near Bradley County Circuit Court on December 10th.

(ECF No. 13). Plaintiff is now incarcerated in the Drew County Detention Center.[2] He seeks compensatory and punitive damages and "Court imposed disciplinary actions against Deen". *Id.* at p. 6. He is suing Defendant Deen in his individual and official capacities.[3]

## II. APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[1] In his original Complaint, Plaintiff referenced his criminal case as "State v. Raper 06CR-17-023". (ECF No. 2, p. 4). A review of the criminal case file indicates he appeared before the Circuit Court of Bradley County, Arkansas, on December 10, 2020, and entered a negotiated plea of guilty to a probation revocation charge and was sentenced to twelve months in a community corrections center and an additional fifty-nine months suspended imposition of sentence, *State v, Raper,* 06CR-17-023 REVO (Bradley County Circuit Court). https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=06CR-17-23&begin_date=&end_date= (accessed August 23, 2021). The Court may take judicial notice of public records. *See e.g., Stahl v. United States Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir.2003).

[2] Drew County is located within the Central Division of the Eastern District of Arkansas.

[3] Although Plaintiff indicates he also suing Defendant Deen in his official capacity, he does not make any specific allegations against him in that capacity.

frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Individual Capacity Claims

Immunity is a defense to an individual capacity claim. *Roach v. Stouffer,* 560 F.3d 860, 870 (8th Cir. 2009) ("immunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities") (internal quotation marks and citation omitted). The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976),

established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof,* 891 F.3d 1083, 1089 (8th Cir. 2018) (cleaned up). The immunity extends to "a civil conspiracy charge when [the prosecutor's] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (citation omitted).

Plaintiff has failed to allege Defendant Deen engaged in any conduct other than prosecutorial functions. "Whatever [the prosecutor's] motives may have been . . . [his] conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample,* 836 F.3d at 916. Accordingly, Defendant Deen is entitled to absolute immunity on the individual capacity claims against him. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).[4]

---

[4] The Court notes Plaintiff made similar allegations against Defendant Deen which were dismissed by this Court at the screening stage back on November 18, 2021, in Case #: 4:21-cv-04050. (ECF No. 13, Order adopting 11 Report and Recommendations). Therefore, Plaintiff's claims against Defendant Deen are also barred by collateral estoppel or *res judicata*.

### B. Official Capacity Claims

Plaintiff's official capacity claims against Defendant Deen are also subject to dismissal. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, §20. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)). This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The official capacity claims against Defendant Deen are therefore barred by the Eleventh Amendment.

### V.  CONCLUSION

For the reasons stated above, I recommend the following:

(1) the individual capacity claims against Defendant Deen be dismissed with prejudice on the grounds he is immune from suit;

(2) the official capacity claims against Defendant Deen be dismissed with prejudice as they are barred by the Eleventh Amendment;

(3) Plaintiff be warned that a dismissal of this case may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and the **Clerk** be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(4) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 31st **day of March 2022**.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE